UNITED STATES DISTRICT COURT
DISTRIC OF MASSACHUSETTS

ATTACHMENT 1

Cross Elmer E., Pro Se
PLAINTIFF

12 CA 10424

V. CIVIL ACTION NO. ______________.

Commonwealth of MASS, Executive Office Of Labor and Workforce Development / Department of Workforce Development/ Division of Unemployment Assistance (EOLWD /DWD/ DUA) and Equal Employment Opportunity Commission (EEOC) and DEFENDANT'S Other Parties

FILED
IN CLERKS OFFICE
2012 MAR -5 P 4: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

# COMPLAINT

## Parties

1. The Plaintiff Elmer Cross (hereinafter, "Mr. Cross, I, Me or My") resides in the City of Boston, Suffolk. SS county, in Massachusetts at 55 Rutland Street, Apt #1 Boston MA 02118 and is a citizen of the United States.
2. The Defendant's EEOC Boston Area Office, John F. Kennedy Federal Office Building, Government Center, Room 475, Boston, MA 02203 and its employees the following defendants here within an incorporated herein who resides in the City of Boston, Suffolk SS, and are citizens of the United States and contactable at their perspective employers address above. **(See 14. FACTS)**
3. The Defendant's EEOC Investigator, Mr. Anthony M. Pino Jr. (hereinafter, "Mr. Pino") resides in Massachusetts, Suffolk. SS county and is a citizen of the United States. **(See 15. FACTS)**
4. The Defendant's EEOC Boston Area Office Director, Robert L. Sanders (hereinafter, "Mr. Sanders") resides in Massachusetts Suffolk. SS county and is a citizen of the United States. **(See 16. FACTS)**
5. The Defendant's EOLWD /DWD/ DUA is the State of Massachusetts Division of Unemployment Insurance Telephone Call Center (UITCC), Address: 19 Staniford Street, 5th Floor, Boston, MA 01221 and its employees the following Defendants here within and incorporated herein who resides in the city of Boston, Suffolk. SS, county and are citizens of the United States and contactable at their respectable employer's address above. **(See 17. FACTS)**

6. The Defendant's DWD/DUA Mrs. Petri Turner (hereinafter, "Ms. Turner") resides in Massachusetts Suffolk. SS county and is a citizen of the United States. **(See FACTS paragraph 17.)**
7. The Defendant's DWD/DUA Mrs. Rosie Cornelison (hereinafter, "Ms. Cornelison") resides in Massachusetts Suffolk SS, county and is a citizen of the United States. **(See FACTS paragraph 18.).**
8. The Defendant's DWD/AUA Mr. Clarence Weekes (hereinafter, "Mr. Weekes") resides in Massachusetts Suffolk. SS county and is a citizen of the United States. **(See FACTS paragraph 18.)**
9. The Defendant's EOLWD/ DUA Mr. Kenneth Owens (hereinafter, (Mr. Owens") resides in Massachusetts Suffolk. SS and is a citizen of the United States. **(See FACTS paragraph 19.)**
10. The Defendant's DWD/DUA Mr. John Cullinane (hereinafter, "Mr. Cullinane") resides in Massachusetts Suffolk. SS county and is a citizen of the United States. **(See FACTS paragraph 20.)**
11. The Defendant's EOLWD/ DUA Mr. Michael Williams ("Mr. Williams") resides in Massachusetts Suffolk. SS county and is a citizen of the United States. Being sued for Conspiracy, Slander and Libel Defamation, Fraud, Attempted Bribery and Perjury by Hearings and Affidavit. **(See FACTS paragraph 20.)**
12. The Defendant's (EOLWD /DWD/ DUA) Mr. David Olsen (hereinafter, "Mr. Olsen") resides in Massachusetts Suffolk. SS county and is a citizen of the United States. Being sued for Conspiracy, Fraud, Conflict of Interest, Obstruction of Justice, Slander and Libel Defamation and perjury by Hearings **(See FACTS paragraph 21.)**

Jurisdiction

13. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 and 42 U.C.S. § 1981(a)(b)(3)(d) and M.G.L. 151B § (5) and Executive Order (EO) 478

Facts

14. On December 8, 2011, I was notified by the Equal Employment Opportunity Commission (EEOC), Boston Area Office that my charge No. 523-2010-00524 of Employment Discrimination (Disability Based) for Hostile Workplace Environment and noncompliance Request for Reasonable Accommodations of Americans with Disability Act of 1990 (hereinafter, "ADA") and Amendments of 2008 (EEOC Enforcement Guidance on the Americans with Disabilities Act on Timelines of Reasonable Accommodation request for physical and mental disabilities). And that the ADA of 1990 (ADA Title I Technical Assistance Manual, Section 7.7) that states "A disabled employee who needs an accommodation (that is not an undue hardship for an employer) in order to perform a job function should not be evaluated on

his / her ability to perform the function without the accommodation, and should not be downgraded because such an accommodation is needed to perform the function" were not violation of Statutes that the EEOC is able to concluded that they Enforce against the Defendant's. EEOC is Federal Agency authorized by the United States Congress to Enforce Title I of the Americans with Disabilities Act of 1990, Amendments of 2008 and EEOC Guidance crafts, interprets, and Enforces Federal Regulations that gives the underlying Law Applicability as well as other Local, States and Federal Statutes.

15. On January 6, 2012 I Appeal to EEOC, Office of Administrated Appeals, P.O. Box, Washington D.C., the Boston Area Office Dismissal and Notice of Rights Decision. On Tuesday, February 14, 2012 it was confirmed in a telephone conversation by Ms. Abrams of EEOC Appeals, Office of Federal Operations and Administrated Appeals, Washington D.C., "Once a Lawyer receives my Appeal of January 6, 2012 they will send me an Official letter of Dismissal". Because I am not a Federal Employee. And that the State and the private sector employees must filed in Federal District Court within ninety (90) days. Mr. Pino Reckless Negligence Per Se to follow the EEOC Compliance Manual, the ADA of 1990 and Amendmets of 2008, EEOC Enforcement Guidance on the ADA for Psychiatric and Physical Disabilities and to examine the Executive Order (EO) 478. And his refusal to address the admissible corroborated Rebuttal evidence of my four (4) Rebuttals and Summary Responses to the Respondent's four (4) Alleged Perjured Affidavits and Respondents' Position Statement to my EEOC May 19, 2010 charges. And for not Investigating the Allegations of the Respondent's former employee EOLWD Director of Diversity Outreach and Special Projects, Mr. Maurice Wrights. This would have led Mr. Pino to Discover Mr. Wrights Testimony in the Affidavit of the ADA/504 Coordinator Mr. Owens and e-mail correspondence to me. Evidence that could have been verified by Mr. Wright or by telephone records to prove all of the other circumstantial evidence presented. Circumstantial, Documental and Direct eyewitness Testimonial Evidence that would have sufficed to create genuine issues of material Fact as to whether the Defendant's other parties Discriminated, Retaliated and violated Title I of ADA of 1990 Amended and ADA Title I Technical Assistance Manual, Section 7.7. I am Alleging that EEOC Investigator Mr. Anthony M. Pino denied me Due Process of the Laws by not complying to the following EEOC DESIGNATION PROCEDURES: (29CFR1601.16) Access to and production of evidence; testimony of witnesses; procedure and authority, (28CFR37.7) Processing of charges of employment Discrimination of Complaints or Charges and (29CFR1601.76) Right of Party to Request a Review. And (29CFR1601.21) Reasonable Cause Determination: Procedure and Authority. Described as "A determination finding reasonable cause is based on, and limited to, evidence obtained by the Commission and does not reflect any judgment on the merits of allegations not address in the determination."

The only notice I received from Mr. Pino regarding the investigation and closing of my case was when I e-mail him on November 8, 2011 and his reply on November 18, 2011 "You case has been analyzed and submitted for closure" And then he became unavailable for comments. There was no correspondence by Telephone or mail.

16. On December 08, 2011 the Boston Area Director, Mr. Robert L. Sanders after reviewing EEOC Investigator Mr. Pino Investigation Decision of being "unable to concluded that the information I provided establishes a violation the Statutes that the EEOC Enforces". Mr. Sanders then Supports Mr. Pino with a three (3) pages Negative Position Statement with Negligence Per Se, Prejudice and Bias and Evasive and Obstruction of Justice language. After knowing that EEOC Mediator, Mrs. Elizabeth Marcus on May 20, 2010 offered Invitation to Mediation and that I had accepted on June 10, 2010 and the Defendant's former General Counsel Mr. Gerald A. Mcdonough had accepted EEOC Mediation that was confirmed on June 28, 2010. And later revoked on June 30, 2010 by Mrs. Marcus because the Defendant had Alleged "Sexual Harassment" charges against me that they could not prove according to EEOC Mr. Pino. For nineteen (19) mounts from May 19 2010 to my request for the statutes of my case to Mr. Pino on November 18, 2011 the question could have been ask of the Defendant's if you have not done anything wrong, why do you want to Mediate? On December 19, 2011 I requested disclosure of my case files under EEOC compliance Section 83 and did not received them until I call on February 14, 2012 and they arrived the next day nearly two (2) months later a violation of Section 83 (d). In my files there was no evidence that an Investigation had taken place or any report of Finding of Fact or any proof of what I claim was not true which is a mockery of the Laws given to EEOC to Enforce. Instead EEOC Mr. Sander and Mr. Pino Allegedly sided with the Defendant without adequate correspondence with me or a Hearing to gather the facts of the case and then dismiss the Discrimination charge and Timelines for Reasonable Accommodation Request and the Retaliations charges as not "Causally Connected". And then proclaim that the partial inadequate accommodations Allowed Eleven (11) months later as in this quote "Respondent articulated legitimate, non-discriminatory reasons for denying your requested accommodations in part" in an attempt to cover up the true context of my May 19, 2010 EEOC charge which establishes Obstruction of Justice and or Fraud. In addition, my request for Anxiety Accommodation that I requested with the others has not been addressed.
17. On April 13, 2009 I self Identified as a person with a disability and in accordance with the Office of Diversity and Equal Opportunity (ODEO) and qualified for protected category. I began my employment with the Defendant's EOLWD / DUA on July 13, 2009. I immediately began complaining to Ms. Petri Turner (hereinafter "Ms. Turner) about discrimination and a hostile workplace environment and to my:

Primary Healthcare Provider, Dr Julia Lindenberg, Diabetes, Dr. Susan Herzlinger, LICSW Ms. Elizabeth Simpson and others Healthcare providers. Dr. Julia Lindenberg later consulted with LICSW Ms. Simpson, Dr. Herzlinger and Neuropsychologist, Dr. Nancy Madican, PhD to conclude that I must take the Family Medical Leave Act for work related Anxiety. Previously my Diagnosis was that suffered from Post Traumatic Stress Disorder (PTSD), Anxiety, Type II Diabetes, Bone Spurs, Osteoarthritis and a pinched nerve in my lower back. The A combination of my disabilities including the stress of discrimination, harassment and intimidation from coworkers and management resulted in me. On or about September 04, 2009 I verbally requested reasonable accommodation from my Manager Ms. Turner. Ms Turner denied my request and frequently stated "I can't see treating you special" or have you received your accommodations for "Ken" or some other remark violating my privacy. Ms Turner then directed me to the ADA/504 Coordinator, Mr. Kenneth Owens (hereinafter "Mr. Owens") On or around September 16, 2009 I discussed my request for reasonable accommodation with Mr. Owens who told me my issues would not merit reasonable accommodation. And then referred me to the Director of Labor Relation, Mr. Michael Williams (hereinafter, "Mr. Williams"). On September 20, 2009 Mr. Williams advised me not to be caught alone on the elevator with former co – worker Ms Lynne Cheeks and to get my boss involved the Director of DUA, UITCC, Mr. John Cullinane (hereinafter, "Mr. Cullinane"). After those meeting on October 5, 2009 I provided Ms. Turner with a Hand Written request for accommodation. Ms. Turner then provided me with the requisite paper work Form 478A of the guidelines created for a uniform procedure for request for reasonable accommodation because of disability pursuant to Executive Order (EO) 478 and ADA/504 Agency.

18. On or around September 04, 2009 thru October 05, 2009 I requested Reasonable Accommodations of Ms. Turner then things got worse for me. On September 9, 2009 Ms. Tuner resumes as my Manager replacing Ms. Cornelison. Ms. Cornelison had paired with fellow co-worker and trouble maker Lynn Cheeks. On September 31, 2009 Ms. Cornelison congratulates me for my excellence job performance. The next day on October 1, 2009 place me on a one day Telephone Observation while three (3) others of my peers was being awarded for excellence in Customer Service. My Manager Ms. Turner on November 3, 2009 then put me on a Remedial Development Plan and continued permitting my co-workers she defined as "Teamradiers" to mock, intimidate, stalk, belittle, harass and ostracize me. Ms. Turner later promotes all the "Teamradiers" in the department and Mr. Weekes her chief Instigator and Stalker. I was never prompted or aloud to interact as a team member by Ms. Turner but was micro managed. I graduated in 2002 at the age of fifty (50) from Wentworth Institute with a degree in Computer Engineering Technology. (See ATTACHMENT **EXHIBITS (30 THRU 35)**.

19. On May 19 2010, after no response from the ADA / 504 Coordinator Kenneth

Owens for nine (9) plus months. I filed a charge of Employment Discrimination (Disability Based) with the EEOC. Mr. Kenneth Owen for some unknown reason would not meet with me to do the requisite Executive Order (EO) Form 478A paper work. Then lied after my EEOC charge in his Affidavit that he had on or around January 1, 2010 assigned Mr. Wright to address specifically my accommodation request which Mr. Wright refutes by saying the opposite. I am Alleging that Mr. Owens should be partially held accountable for denying Reasonable Accommodation against the Americans with Disability Act of 1990 and ADA of 1990 Discrimination in undue delay eleven (11) plus month's noncompliance until August 26, 2010 to Request for Reasonable Accommodation and Executive Order (EO) 478. A disable person as defined by the ADA. Is a "Qualified Indivisual" with a disability who can perform the eccential functions of the job with or without reasonable accommodation. If an employee is entitled to an accommodation under the Law. It does not matter what the employer's motive for failing to provide accommodation. The Respondant's other partie Mr. Owens never met with me then delayed and denied my inadequate accommodation for eleven (11) months and never addressed my request for "Anxiety" accommodation or as in the words of Mr Sander's this quote "Respondent further articulated a reasonable, non-discriminatory explanation for the delay in responding to your request for reasonable accommodation and has since remedied the request". Being denied of an entitle accmmdation in and of itself is an Adverse Action. (ADA Section 4.412.20, Overview). I am Alleging Slander and Libel Defamation and Perjury by Affidavit and Dening reasonable accommodation for whatever reason.

20. On June 4, 2010 the Defendants DUA UITCC Director, Mr. John Cullinane and EOLWD, Labor Relation Director Mr. Michael Williams began a character assignation campaign with alibi trumped up charges Retaliations for me complaining about Discrimination and asking for Accommodations. On **June 7, 2010 I filed the First EEOC Retaliation Amended Charge.** I am Alleging it was for Mr. Cullinane having the Alleged May 3, 2010 "Sexual Harassment". Telephone Claimant Caller incident traced to my phone. This is a mere indication that Mr. Cullinane was ease dropping or wiretapping my phone and made up this lie about the sexual content of the May 3, 2010 incident and about having to trace it to my phone. Mr. Cullinane concocted that lie as well as the others slandering my good character and he will reap what he sows and he should. Mr. Michael Williams provided the motive and Evidence of Mr. Cullinane intent on September 14, 2010 when minutes after the Hearing in an e-mail to the former NAGE Union Vice President, Mr. Robert Day. Mr. Williams offers an indirect "Attempt to Bribe" me through Mr. Day by stating that "if I would drop my EEOC/MCAD case against the Agency that Mr. Williams would in fact swap the sanctioned "Formal Written Warning" for the "Verbal Written Warning" according to the Handbook for Massachusetts State Managers, Revised August 2009 "Code of Conduct for Managers on Progressive Discipline". On **October 26, 2010 I filed the second Retaliation charge at the EEOC for "Attempted Bribery"**.

December 31, 2010 I met with Attorney Douglas Lovenberg of Lovenberg & Associates. Mr. Lovenberg assured me that he had fourteen (14) years experience in Civil Service Law and ADA Employment Discrimination. I signed specific contract to hire him January 5, 2011 to represent me in my Appeal at the Civil Service Commission on January 11, 2011. Mr. Lovenberg gave the assignment to his assistance Attorney Irena W. Inman. Attorney Inman proclaimed her area of practice to be seven (7) years experience in Discrimination Law. They declared that they had experience in the area of practice I needed to stop the corruption practices of the Human Resources Director Mr. Olsen for Adverse Negative Actions. I later learned that Mr. Lovenberg area of practice was Divorce and family Law a violation of Malpractice Law. Mr. Olsen held two (2) illegal HEARINGS against me as the Hearing Officer for NAGE one on September 14, 2010 and a Pre-Determination HEARING on February 17, 2012. As the Human Resource Director, I am Alleging that Mr. David Olsen conspired with two (2) Hearings on September 14, 2010 and February 17, 2011 to intentionally inflict mental and psychological harm that were immoral, unethical and illegal. Mr. Olsen presided over both Hearing which is a violation of the "Code conduct for State Managers not in the NAGE Union". I am also Alleging that Mr. Olsen convicted me without any finding of Fact or Law or any verbal or written confession from me. Then the NAGE Union President Mr. John Mann limited his defense of me and offered vague comment to me "We did not prevail" after September 14, 2010 Hearing and his response on February 17, 2012 were "I do not believe this Pre-Determination is called for, can we call for time served" and did not do his Duty to report Mr. Olsen's wrongful doings to Authorities or anything to stop him. Then after I filed a complaint with the EEOC Mr. David E. Olsen and Defendants other parties then attempted to cover up their misdeeds in their four (4) Alleged perjured Affidavits and Respondent's Position Statement of their violations of the ADA of 1990, EO 478 and other State and Federal Statutes prohibiting discrimination against "Qualified Individual" with Disabilities. Mr. Olsen and the other parties in their Affidavits lied about the Intentional Discrimination and about the proper use of the National Association of Government Employees (NAGE) Union Code of Conduct for Managers and employees not in the Union and Violations of the Handbook for Massachusetts State Managers, Revised August 2009. Mr. Olsen participated in a Dual Role as the EOLWD Human Resource Pre-Determination Hearing Officer and the NAGE Grievance Hearing Officer and the Director of Human Resource. In my judgment represented a Conflict of Interest.

21. On **May 25, 2011 I requested EEOC to Amended the Third Retaliation charge No. 523-2010-000524 for February 17, 2012** that were immoral, unethical and illegal which revoked the undue delay of the partial accommodation allowed by ADA/504 Coordinator Mr. Owens on August 26 2010. I requested the EEOC to Amended the charge of Retaliations for the February 17, 2012 Pre-Determination

Hearing for Retaliation charges for causal connected Negative Adverse Action of the Defendant's Eugene Sullivan, John Cullinane, and Michael Williams. **The fourth Amended charge for a Negative Adverse Action on December 6, 2011** charges The Defendant's John Cullinane, Eugene Sullivan, Michael Williams, continuing Retaliation to constructively get me to quit or fired. The **final Amended Retaliation charge for causal connected Negative Adverse Action was on May 10, 2011** on charges that the Defendant's John Cullinane had been interfering with an Unemployment claim by placing a FYI note "That no one is to take my claim, transfer to Mr. Cullinane". I had open to try to get an Appeal for Retaliation causal connected Negative Adverse Action of Mr. Owens, Mr. Olsen, Mr. Williams, and Mr. Cullinane, Ms. Turner, Ms. Cornelison and the inactions of NAGE and the EOLWD staff who chose to let those atrocities to happen too me a "Qualified Individual" with Disabilities. .

22. DISABILITY CLAIM, I admit that EEOC has on May 19, 2010 and on December 8, 2011declared me as an overly "Qualified Individual" with a Disability in accordance with the ADA definition, EEOC and Social Security guidelines. And I deny that EEOC has ever raised the question to me to show them the evidence as how my disability as defined by the ADA how my disability affected your/my activities of daily living your/my ability to perform your/my job or that it prevents or severely restricts you/me from doing activities that are of central to most people's daily lives. I admit however as outlined in evidence of my request for Reasonable Accommodations. The October 5, 2009 Hand Written request, August 26, 2010 requisite paper work memorialized in writing Form 478A, November 16, 2009 and December 22, 2009 certified mail, Document submitted to Mass. Office On Disability, Advocate Mr. Allan Motenko to set up a forum for discussion resource Job Accommodation Network (JAN) and December 7, 2009 requisite Form 478A Attachment Form Health Care Provider Recommendation Form for Reasonable Accommodation Request from Dr. Julia Lindenberg. I deny EEOC statement that your/my treating provider certified that you/I can perform the essential job functions without the recommended accommodation. On the grounds that being able to perform the essential job functions with or without the recommended Accommodation is an ADA defined prerequisite for being a "Qualified Individual" with a Disability. Reasonable Accommodation Claim, I admit to receiving partial, damaged and revoked accommodations on December 6, 2011 and being humiliated after finally getting them after my EEOC charge on May 19, 2010. Eleven (11) months after I requested them on or around September 2009 that were granted or allowed August 25, 2010. I deny EEOC explanation for the Defendant's non-discriminating reason for delaying and denying your/my requested accommodation in part. On the grounds that requisite Form 478B Granting/Allowing my requested accommodation or Form 478C Denying my accommodations or any other evidence from my EEOC case files delivered to me on February 15, 2012 or any substantiate evidence from the Lies I have been told from the source documents from EEOC

Dismissal and Rights delivered December 8, 2011. I further deny that my request for Anxiety Accommodation was ever Addressed and has not been Addressed to this Day or been remedied (Modification of Supervision of me "Stop Management from Micro Managing me according to JAN). Retaliation Claim, I admit that EEOC had to be Derelict (Abandoning Duty) in their Duty to confound the Retaliation document charges of Adverse Negative Employment Action of the Defendant's opposition to or participation in a Legal protected activity Enforced by the EEOC. I deny that the EEOC Compliance Manual Section 8: EEOC Directives Number 915.003 was being Applied Prudently.

23. I the Plaintiff demand a trial by jury.
24. Wherefore, the Plaintiff demands judgment against the defendants for damages and such other relief as the court deems just.

## Relief

I the Plaintiff ask the court to grant me what the Laws Enforced by the EEOC Statutes (Civil Rights Act of 1991 Sections 102 and 103) states that I can have for Remedies for Employment Discrimination. That is Compensatory and Punitive damages awarded in cases involving intentional discrimination based on Disability and Retaliations. For employees with more than five hundred (500) employees the limit is three hundred thousand ($300,000.) dollars. The limit for Retaliation is one hundred thousand ($100,000.) dollars per four (4) incidents. And an additional ten thousands ($10,000.) dollars up to thirty thousand ($30,000.) dollars for the number compliance in a year reported. And two thousand ($2,000.) dollars Attorney cost, fifty ($50.00) dollars for Civil Service Commission Appeal filing fee, he loss of three (3) personal days taken off to prepare for a CSC hearing only to find out it was the wrong venue. Make whole and pay Retroactive for all loss wages and benefits and promotions and repay any wage different that any loss opportunity for promotion caused. And Pay Retroactive Step and Merit Rate Increases and Annual Rate Increase. In addition, I want the EOLWD/DWD/DUA to Rescind all of the Reprimands, remove all Negative References from my Personnel Records caused by Discrimination and Retaliation: This would included the November 4, 2009, Remedial Development Plan, the June 2, 2010 Formal Written Warning, the June 4, 2009 Alleged Sexual Harassment Charge, the September 14, 2010 unfavorable Step II Union Hearing Grievance Decision, the February 17, 2011 Agency Pre –Hearing Determination Decision, the March 15, 16, an 17 three (3) days Unpaid Suspension and a retraction of Slander and Libel Defamation misrepresentation for Cause of Action from the CSC Law website and from Attorney Ireana W. Inman website reason for not Hearing my Appeal. Also Rescind and Remove all Discriminatory Negative Actions from my record after the first week of September 2009 after I

requested Reasonable Accommodation and did not receive for eleven (11) months or until I filed a charge of Employment Discrimination on May 18, 2010.

As relief from EEOC I am requesting of the Judge to grant me on procedule ground and Negligence Pro Se that the EEOC Reconsider their Dismissal or a Determination finding reasonable cause to believe my charge is true

I am seeking Compensatory damages for out of pocket expenses caused by discrimination for exacerbated medical condition and expensive and for the emotional harm I suffered (such as mental anguish, cruelty and inconvenience, for loss of enjoyment of life and the ill retrievable loss of reputation Slander and Libel Defamation of character blemished for life.

Signature Elmer E. Cross

Elmer E. Cross, Pro Se
55 Rutland Street, Apt # 1
Boston, MA 02118
(857) 277 – 0772
Date: March 5, 2012