UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10424-RGS

ELMER E. CROSS

V.

EXECUTIVE OFFICE OF LABOR AND
WORKFORCE DEVELOPMENT, ET AL.

MEMORANDUM AND ORDER
January 3, 2013

STEARNS, D.J.

BACKGROUND

On March 5, 2012, plaintiff Elmer E. Cross ("Cross") filed a civil complaint alleging, *inter alia*, discrimination and retaliation in employment in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Cross named eleven defendants, including the Equal Employment Opportunity Commission ("EEOC"), the Commonwealth of Massachusetts Executive Office of Labor and Workforce Development/Department of Workforce Development/Division of Unemployment Assistance (his employer), a number of his co-workers, and others.

On April 11, 2012, Magistrate Judge Boal issued a Memorandum and Order (Docket No. 11) granting Cross's Motion for Leave to Proceed *in forma pauperis* and preliminarily screening the complaint pursuant to 28 U.S.C. § 1915(e). *See Cross v. Executive Office of Labor and Workforce Development*, 2012 WL 1232192 (D. Mass. 2012). In that Memorandum and Order, Magistrate Judge Boal noted that the complaint was not entirely intelligible and then outlined the various legal

impediments to Cross's claims.[1] These impediments included the failure to set forth plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure with respect to all of the defendants except for Cross's employer, as to which he had exhausted his administrative remedies with the EEOC and obtained a "right to sue" letter. Specifically, the court noted the inability to discern any claims against defendants Rosie Cornelison or Clarence Weekes notwithstanding that they were referenced in the complaint. Further, the court noted that Cross asserted wrongdoing by a number of individuals not named as defendants in this action. Next, Magistrate Judge Boal noted that, to the extent Cross sought to hold individual co-worker defendants liable for employment discrimination, he failed to state federal claims upon which relief may be granted because there is no individual liability under the ADA. *See Roman-Oliveras v. Puerto Rico Elec. Power Authority*, 655 F.3d 43, 52 (1st Cir. 2011); *Fantini v. Salem State College*, 557 F.3d 22, 31 (1st Cir. 2009). Further, the Memorandum and Order outlined the legal impediments to Cross's claims against the EEOC because of sovereign immunity. Magistrate Judge Boal denied Cross's request for appointment of *pro bono* counsel because she considered the merits of his claims to be dubious and based primarily on generalized allegations and legal conclusions. Finally, Magistrate Judge Boal directed Cross to file an amended complaint that cured the legal impediments in the original complaint.

On May 18, 2012, this action was reassigned to Judge Wolf. Thereafter, on May 21, 2012, Cross filed a Motion to Amend Complaint (Docket No. 12), which incorporated his proposed amended complaint and included arguments of applicable law. On January 2, 2013, this action was reassigned from Judge Wolf to the undersigned. *See* Notice of Reassignment (Docket No. 15).

---

[1] Magistrate Judge Boal's Memorandum and Order sets forth in extensive detail the background underlying Cross's claims. The court need not reiterate this background here.

In his proposed amended complaint, Cross reiterates the claims in his original complaint. As with the original, the amended complaint is utterly convoluted. It is virtually impossible to discern the specific claims and the factual basis for such claims against each of the individual defendants. From what can be gleaned after an intense scrutiny, Cross asserts claims under the ADA, the Rehabilitation Act, 42 U.S.C. § 1983, claims based on retaliation and hostile work environment, and discrimination claims pursuant to Mass. Gen Laws ch. 151B, § 4 (the Massachusetts anti-discrimination statute). The amended complaint does not identify many of the defendants named in the original complaint, but includes defendants Petri Turner, Kenneth Owens, Michael Williams, David Olsen, and John Cullinane and adds defendants John Mann, Christopher C. Bowman, Attorney Douglas R. Lovenberg and Eugene Sullivan.

Cross alleges his claim against his employer is brought pursuant to the "right to sue" letter from the EEOC. He alleges his claims against defendant Petri Turner, the Program Manager, is brought pursuant to the Massachusetts Tort Claims Act ("MTCA"), Mass. Gen. Laws ch. 258. He purports to base his MTCA claims on intentional mental stress, conspiracy, harassment, obstruction of justice, slander,[2] perjury, and fraud.[3] Essentially, Cross claims this defendant failed to provide him reasonable accommodations and exacerbated the hostile work environment by placing him on a remedial development action list, by micro-managing him, and by encouraging others to belittle him. Additionally, Cross claims that he filed a retaliation charge with the EEOC against Petri Turner and has exhausted his administrative remedies.

---

[2] It appears the claims of slander stem from the defendant's action of charging Cross with sexual harassment of a claimant caller for unemployment benefits, and for issuing a formal warning against him.

[3] Cross asserts that Petri Turner violated the ADA; however, he fails to set forth a basis for individual liability of this defendant under the ADA.

Next, Cross claims to be suing defendant co-worker Kenneth Owens under the MTCA for similar harm, as well as defamation. He claims that this defendant lied in an affidavit that stated that he assigned another worker to address Cross's request for accommodations. Cross also claims he exhausted his administrative remedies with the EEOC against defendant Owens.

With respect to defendant Michael Williams, the Labor Relations Director, Cross asserts identical causes of action. He again purports to raise claims under the MTCA, and alleges conspiracy, harassment, obstruction of justice, slander, libel, perjury, and fraud. He also filed a retaliation charge with the EEOC. Further, Cross claims that defendant Williams attempted to bribe him via an e-mail, by offering to adjust the sanctions against him in exchange for dismissing his pending EEOC claims against his employer.

Next, with respect to defendant David Olsen, the Human Resources Director, Cross claims he upheld the decision to issue a formal written warning to Cross for a first offence. As in the original complaint, Cross alleges this defendant held hearings despite the fact that he had a conflict of interest and violated the collective bargaining agreement. He also claims this defendant failed to comply with hearing deadlines. Cross asserts the same causes of action as those asserted against the other defendants. He claims that he filed a retaliation complaint with the EEOC and has exhausted his administrative remedies.

With respect to defendant John Mann, the NAGE[4] Unit Union President, he asserts claims under the MTCA and alleges he suffered mental stress caused by the defendant's harassment, defamation, and fraud. He also claims that the defendant failed to collectively bargain for him in good faith, as required by the collective bargaining agreement. Cross claims that he has not filed any other claim against John Mann and has not exhausted his remedies with NAGE nor filed a

---

[4]NAGE is an acronym for the National Association of Government Employees.

charge against NAGE with the EEOC. He claims NAGE has notified him that it has filed an appropriate Step III grievance on the matter.

With respect to defendant Christopher C. Bowman, the Civil Service Commissioner, Cross again asserts identical causes of action. He claims that this defendant waived his sovereign immunity by committing an act of fraud and misrepresentation by allowing a pre-hearing proceeding to go forward against him.

Cross then asserts legal malpractice claims against defendant Attorney Douglas R. Lovenberg. It is not entirely clear whether Cross intended to include Attorney Lovenberg's law firm as a defendant as well, and his statements are internally inconsistent. While he includes the law firm in his recitation of the alleged wrongdoings (by stating "and Associates") *see* Motion to Amend Compl. (Docket No. 12 at 20, ¶ 22), Cross lists only Attorney Lovenberg "of the Law Firm...." *Id.* at 3, ¶9. In light of this, the court will presume Cross is asserting claims only against Attorney Lovenberg and not his law firm. Cross alleges that Attorney Lovenberg committed legal malpractice under the MTCA and intentionally defamed and defrauded him. These claims are based on the dismissal by Commissioner Bowman of Cross's discrimination claims at an administrative hearing. Cross claims Attorney Lovenberg made errors of fact and law, which caused the Commissioner to find that he lacked jurisdiction over the matter because Cross was not a Civil Service Employee.

Next, with respect to defendant co-worker John Cullinane, Cross also asserts claims under the MTCA for invasion of privacy, harassment, defamation, fraud, and perjury. He filed a claim of retaliation with the EEOC and has exhausted his administrative remedies. Cross claims defendant Cullinane tapped his phone and eavesdropped on his phone calls at work in order to build a case against him for complaining about discrimination and for asking for reasonable accommodations. He also asserts he was monitored closely as retaliation for filing his grievances with the EEOC.

Additionally, he claims the defendant gave him an unpaid three-day suspension letter without a pre-determination hearing decision in an effort to obstruct his appeal rights.

Finally, Cross asserts claims against defendant co-worker Eugene Sullivan, also under the MTCA, claiming harassment, defamation and fraud.  He filed a claim of retaliation against him and has exhausted his EEOC remedies.  He alleges that this defendant, who was not his supervisor, went to John Cullinane's office and this action then prompted security to be called to interrogate him.  Cross was then given a three-day suspension.

With respect to the relief sought, Cross seeks monetary damages as well as injunctive relief to have all adverse employment actions removed from his personnel record.

DISCUSSION

As a threshold matter, Cross's Motion to Amend Complaint (Docket No. 12) will be ALLOWED because Magistrate Judge Boal previously authorized (and directed) such filing.

Next, as previously noted by Magistrate Judge Boal, upon the filing of an amended complaint comporting with Rule 8 pleading requirements, the court would consider permitting the claims against his employer and against those defendants who had participated in the EEOC proceedings.  At this juncture, although Cross's claims are not set forth clearly, this court will permit the claims to proceed against Cross's employer, and will direct that a summons issue and the United States Marshal Service effect process as directed by Cross.[5]

---

[5]It is unclear whether Cross also is asserting claims under the MTCA against his employer. The court need not decide at this time whether such claims are subject to judicial review in federal court; the issue may be raised by the defendant if appropriate.  *See Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. (Mass) 2003)("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court.").  Further, since this court concludes that Cross has stated plausible claims with respect to the ADA, it need not consider at this time the unformed claims purportedly brought under 42 U.S.C. § 1983.  *See D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 44 (1st Cir. Mar. 23, 2012) ("[W]e have already explained that § 1983 does not provide a remedy either for IDEA violations...or for Rehabilitation Act or ADA

Notwithstanding this ruling, however, Cross's amended complaint presents a conundrum for the court with respect to his claims against the individual defendants. On the one hand, Cross has alleged retaliation for seeking reasonable accommodations and for complaining about discrimination and filing an EEOC complaint, and he alleges he exhausted his administrative remedies in this regard. On the other hand, apart from defendant Attorney Lovenberg, Cross has asserted only amorphous allegations against the other individual defendants for harassment, conspiracy, fraud, defamation and perjury, without any underlying factual basis.[6] As pled, these allegations present merely legal conclusions and do not meet the Rule 8 pleading requirements to state plausible claims upon which relief may be granted. In other words, Cross fails to set forth the material "who did what to whom, when, where, and why" information. *See Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc.*, 2011 WL 2681195 at *2, (D. Mass. 2011). While it is obvious that Cross has attempted to comply with Magistrate Judge Boal's directives to state plausible claims under Rule 8, this court considers it to be immensely unfair to the individual defendants to have to peruse the complaint and guess as to each cause of action asserted against them and the factual basis underlying each cause of action. In short, apart from the retaliation claims, Cross's remaining claims must be dismissed for failure to comply with the directives contained in Magistrate Judge Boal's Memorandum and Order. This court need not afford Cross opportunities *ad seriatim* to set forth plausible claims. At this juncture, those claims will be dismissed.[7]

---

violations"). Again, such matters may be raised by the defendant if appropriate.

[6]It appears that Cross asserts his cause of action against the individual defendants under the MTCA and relies on mere allegations of conspiracy, harassment, fraud, defamation and perjury as the factual basis for the MTCA claims. In doing this, Cross confuses his legal cause of action with the underlying facts in support.

[7]This court has considered whether it would be prudent to appoint counsel to amend the amended complaint; however, based on the dubious merits of Cross's claims, such use of the scarce

As an additional basis for dismissal of the non-retaliation claims against the individual defendants, the court notes that Cross asserts his claims under the MTCA. As such, the claims are not cognizable because the MTCA acts as a limited waiver of sovereign immunity of the Commonwealth of Massachusetts (and its agencies) for the acts of its employees, under certain circumstances. The MTCA does <u>not</u> provide a private cause of action against individuals. *See* Mass. Gen. Laws ch. 258, § 2 (providing for liability of public employers (not employees)). Moreover, it does not appear that Cross has made the presentment that is required by the MTCA before filing a civil action. *See* Mass. Gen. Laws ch 258, § 4.[8]

With respect to Attorney Lovenberg, as noted above, Cross's claims are based solely on legal malpractice. These claims are only tangentially related to his employment discrimination claims. Since the actions of Attorney Lovenberg do not involve discrimination, reasonable accommodation, or retaliation, this court would decline to exercise supplemental jurisdiction over the legal malpractice claims. Accordingly, Cross's claims against Attorney Lovenberg will be <u>DISMISSED</u> without prejudice.

In sum, this court will permit Cross's discrimination and reasonable accommodation claims to proceed against his employer, the Commonwealth of Massachusetts Executive Office of Labor and Workforce Development/Department of Workforce Development/

---

*pro bono* resources of the court is not warranted. The court suggests that, should Cross seek to further amend his complaint to assert other (non-retaliation) claims against the individual defendants, he should seek legal assistance before making any motion for leave to further amend the complaint.

[8]Section 4 of Chapter 258 provides that a civil action for damages may not be brought against a public employer under the MTCA unless the claimant first has presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose. Mass. Gen. Laws ch. 258, § 4.

Division of Unemployment Assistance. This court will also permit the retaliation claims to proceed against Petri Turner, Kenneth Owens, Michael Williams, David Olsen, John Cullinane and Eugene Sullivan.[9] The clerk is directed to issue summonses as to these defendants, as set forth below.

The court will <u>not</u> permit the claims against John Mann and Christopher C. Bowman to proceed, as the allegations fail to state plausible claims upon which relief may be granted under Rule 8. Further, the court declines to exercise supplemental jurisdiction over the legal malpractice claims against Attorney Lovenberg.

Finally, all other non-retaliation claims against Petri Turner, Kenneth Owens, Michael Williams, David Olsen, John Cullinane, John Mann, Christopher C. Bowman, and Eugene Sullivan, based on the MTCA and/or allegations of conspiracy, fraud, harassment, perjury, etc. will be <u>DISMISSED</u>.[10]

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion to Amend Complaint (Docket No. 12) is <u>ALLOWED</u>;

2. The Clerk shall issue summonses with respect to: (a) the Commonwealth of Massachusetts Executive Office of Labor and Workforce Development/Department of Workforce Development/Division of Unemployment Assistance; (b) Petri Turner; (c) Kenneth Owens; (d) Michael Williams; (e) David Olsen; (f) John Cullinane; and (g) Eugene Sullivan;

3. The Clerk shall send the summonses, a copy of the amended complaint, and this

---

[9]Defendants may file a Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure, if appropriate.

[10]In order to clarify the docket, in view of the amended complaint, the defendants Commonwealth of Massachusetts, the Department of Unemployment Assistance, Anthony M. Pino, Robert L. Sanders, Rosie Cornelison, and Clarence Weekes are terminated as defendants in the action (as they are not named in the amended complaint). The docket also shall reflect the addition of defendants John Mann, Christopher C. Bowman, Attorney Douglas R. Lovenberg and Eugene Sullivan, and the termination of John Mann, Christopher C. Bowman, and Attorney Douglas Lovenberg as parties to this action.

Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).

4. The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal Service shall serve the summonses, a copy of the amended complaint, and this Memorandum and Order upon each defendant in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service;

5. Except for the retaliation claims, all of plaintiff's other claims against defendants Petri Turner; Kenneth Owens; Michael Williams; David Olsen; John Cullinane; and Eugene Sullivan are DISMISSED;

6. All claims against defendants John Mann, Christopher C. Bowman, and Attorney Douglas Lovenberg are DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE