UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10424-RGS

ELMER E. CROSS

v.

COMMONWEALTH OF
MASSACHUSETTS, EXECUTIVE
OFFICE OF LABOR AND WORKFORCE
DEVELOPMENT, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

July 16, 2013

STEARNS, D. J.

In a twenty-one page Memorandum and Order, Magistrate Judge Boal dismissed plaintiff Elmer E. Cross's narrative-style Complaint. In doing so she addressed its many deficiencies and delineated the framework necessary to satisfy Fed. R. Civ. P. 8, pointing to substantive issues with Cross's identifiable claims, including applicable defenses like sovereign immunity and that the lack of individual liability under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. *See Cross v. Executive Office of Labor and Workforce Development*, 2012 WL 1232192 (D. Mass. April 11, 2012). Magistrate Judge Boal, however, gave Cross 35 days to file a curative Amended Complaint.

Naming his employer the Commonwealth of Massachusetts, Executive Office of Labor and Workforce Development/Department of Workforce Development/Division of Unemployment Assistance (Mass. DUA) and several of his co-workers as defendants, Cross filed an Amended Complaint on May 21, 2012.[1] While this court found that the Amended Complaint remained "utterly convoluted" making it "virtually impossible to discern the specific claims and the factual basis for such claims against each of the individual defendants," it permitted the refiling (as authorized by Magistrate Judge Boal) but only on the "plausible" violations of the ADA (potentially the discrimination and retaliation claims).[2] *See* Mem. and Order - Dkt. #16 at 3. However, the court did not permit service of the Amended Complaint on any of the defendants who had no factual connection to the ADA claims. The remaining defendants have since moved for dismissal of the Amended Complaint, asserting that Cross inadequately and/or inappropriately pled the ADA claims as asserted against

---

[1] On May 16, 2012, Cross advised the court that he was unwilling to proceed before the Magistrate Judge. *See* Dkt. #13. On May 18, 2012, the case was reassigned to Judge Wolf. When Judge Wolf took senior status, the case was reassigned to this session.

[2] I noted that I "need not consider the unformed claims purportedly brought under 42 U.S.C. § 1983." *Id.* at 6, n.5, citing *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 44 (1st Cir. 2012) ("[W]e have already explained that § 1983 does not provide a remedy either for IDEA violations . . . . or for Rehabilitation Act or ADA violations").

them. This court agrees.

At bottom, Cross has failed to allege facts supporting the requisite aspects of an ADA claim – that he is "disabled within the meaning of the ADA" and "qualified to perform the tasks essential to his job" with or without reasonable accommodation. *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 87, 89-90 (1st Cir. 2012). Cross apparently is contending that his diabetes and "inability to focus" (because of his low blood sugar) are his qualifying ADA disabilities. However, under the ADA, an impairment must be "substantially limiting," causing a person to be "unable to perform a major life activity that an average person in the general population can perform, or be significantly restricted in the performance of a particular major life activity as compared to an average person in the general population." 29 C.F.R. § 1630.2(j)(1). The are no facts pled in the Amended Complaint that plausibly support these statutory requirements.

Moreover, a claim under the Rehabilitation Act requires retaliation to be the "but-for" cause of the employer's adverse decision. *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 133 S.Ct. 2517 (2013); *see also Palmquist v. Shinseki*, 689 F.3d 66, 73-74 (1st Cir. 2012). The averments of Cross's Amended Complaint fail to satisfy this causal standard. For example, Cross alleges that Mass. DUA management and his co-workers' began treating him badly prior to his request for reasonable accommodation.

Am. Compl. ¶ 13.  Under the *Nassar* standard, the allegations cannot support a retaliation claim.

With regard to the remaining defendants – Petri Turner, Kenneth Owens, Michael Williams, David Olsen, John Cullinane, and Eugene Sullivan – Title I of the ADA does not authorize the bringing of retaliation claims by an employee against his individual co-workers.  *See Vance v. Ball State Univ.,* 133 S. Ct. 2434 (2013); *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 51-52 (1st Cir. 2011) ("We . . . agree with the virtually universal view that Title I of the ADA, like Title VII of the Civil Rights Act, 'addresses the conduct of employers only and does not impose liability on co-workers.' "), quoting *Fantini v. Salem State Coll.*, 557 F.3d 22, 31 (1st Cir. 2009).

## ORDER

For the foregoing reasons, and after the opportunity the court has given Cross to cure the infirmities of his Complaint without success, the case is DISMISSED, with prejudice.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE